UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:16-cr-00095-JL |
| ) | |
| ALLAN YIANAKOPOLOS ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Emily Gray Rice, the United States Attorney for the District of New Hampshire, and the defendant, Allan Yianakopolos, and the defendant's attorney, Michael J. Iacopino, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and the Offense</u>.

The defendant agrees to plead guilty to Count One of the Indictment which charges him with possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in paragraph 6 of this agreement.

2. <u>The Statute and Elements of the Offense</u>.

Title 18, United States Code, Section 2252(a)(4)(B) provides, in pertinent part:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit

-1-

conduct; and (ii) such visual depiction is of such conduct . . . [shall be guilty of a violation of the law].

18 U.S.C. § 2252(a)(4)(B).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

FIRST, that the defendant, Allan Yianokopolos, knowingly possessed a computer, cellular telephone, or other device which contained at least one visual depiction of child pornography, that is, a visual depiction of a minor (under the age of 18) engaged in sexually explicit conduct;

SECOND, that the defendant, knew that the device contained an image of child pornography;

THIRD, that the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct;

FOURTH, that the visual depiction of child pornography had been mailed or shipped or transported in interstate or foreign commerce, or was produced using materials which have been mailed or shipped or transported in interstate or foreign commerce by any means;

FIFTH, that the image involved a minor who had not attained twelve (12) years of age.

*See e.g.*, 3-62 Modern Federal Jury Instructions –Criminal P 62.02 (2015).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts and those facts would establish the elements of the offense beyond a reasonable doubt:

On or about February 5, 2016, law enforcement officers executed a search warrant at the defendant's residence in Manchester, New Hampshire where they seized, among other items, the defendant's cellular telephone. A subsequent forensic analysis of the device revealed the presence of hundreds of videos and still images of children under the age of 18 engaged in sexual acts. The cellular telephone was manufactured outside of New Hampshire. During an interview on February 5, 2016, the defendant acknowledged that the device belonged to him and that he knew there were images contained on it which depicted minors engaged in sexually explicit conduct. The defendant admitted to viewing and possessing those images in the state of New Hampshire. The images depicted at least one minor under the age of 12 engaged in sexually explicit conduct.

During his interview, the defendant admitted to possessing an account on a file hosting service, Dropbox, containing additional images of children under the age of 18 engaged in sexual conduct. A search warrant was obtained for the defendant's Dropbox account which returned hundreds of videos of child pornography. The defendant used the internet to view those videos.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense include:

- A. A prison term of not more than twenty (20) years (18 U.S.C. § 2252(b)(2));

- B. A maximum fine of $250,000 (18 U.S.C. § 3571);

- C. A term of supervised release of any term of years not less than five (5), or life (18 U.S.C. § 3583(k)); and

- D. A mandatory special assessment of $100 for each count of conviction, which the defendant agrees to pay at or before the time of sentencing.

The defendant understands that his failure to comply with any of the conditions of

supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. § 3583).

In addition to the other penalties provided by law, the Court may also order the defendant to pay restitution to the victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

   A.  Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

   B.  Respond to questions from the Court;

   C.  Correct any inaccuracies in the pre-sentence report;

   D.  Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable

sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the parties agree that a sentence of 54 months' imprisonment is the appropriate disposition of the case.

The parties intend the above stipulation to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the terms of this Plea Agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

The parties have no other agreements regarding the applicability of other guideline enhancements or reductions. The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing

for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A. To plead not guilty or to maintain that plea if it has already been made;

B. To be tried by a jury and, at that trial, to the assistance of counsel;

C. To confront and cross-examine witnesses;

D. Not to be compelled to provide testimony that may incriminate him; and

E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and

voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United

States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following supervision.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13. <u>Waivers</u>.

A. <u>Appeal</u>.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2. All aspects of the sentence imposed by the Court if that sentence is the stipulated sentence specified in section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. <u>Collateral Review</u>

The defendants understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By

entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

    1.    His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

    2.    All aspects of the sentence imposed by the Court if that sentence is the stipulated sentence specified in section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

    C.    Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

    D.    Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government to pursue an appeal as authorized by law.

14.  <u>Forfeiture.</u>

Pursuant to Title 18, United States Code, Section 2253, the defendant agrees to forfeit to the United States immediately and voluntarily the following property, which was used in a manner to commit or facilitate the commission of the violation charged in Count One of the Indictment:

    (a) One LG cellular telephone bearing IMEI number 353852063523549 and IMSI number 311480137736391;

    (b) One HTC cellular telephone bearing IMEI number 990005696319244 and IMSI number 311480206670338;

    (c) One white iPad Mini bearing serial number DQWLCF2FCM8; and

    (d) One Samsung 4G LTE Tablet bearing IMEI number 990004465365538.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant agrees to hold the United States, its agents, and employees, and any state

or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case. The defendant represents that he is the sole owner of the above-listed assets. The defendant acknowledges that the property to be forfeited under this section is subject to forfeiture as property facilitating illegal conduct.

15. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. <u>Agreement Provisions Not Severable.</u>

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

EMILY GRAY RICE
United States Attorney

Date: 1/26/2017

By: _____
Georgiana L. Konesky
Assistant U.S. Attorney
Massachusetts Bar # 685375
53 Pleasant St., 4th Floor
Concord, NH 03301

The defendant, Allan Yianakopolos, certifies that he has read this 14-page Plea Agreement and that he fully understands and accepts its terms.

Date: 26 JANUARY 2017

_____
Allan Yianakopolos, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 26 JANUARY 2017

_____
Michael J. Iacopino, Esquire
Attorney for Allan Yianakopolos